## THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT, *v.* DANIEL MAHANEY, APPELLANT.

*Sale of adulterated butter — what must be shown to authorize a conviction under chapter* 246 *of* 1882 — *what to rebut the presumption created by second section — sale of adulterated as well as of spurious butter prohibited.*

To justify the conviction of a person accused of violating section 1 of chapter 246 of 1882, by selling a substance that is not butter, upon the representation that it is butter, it is not necessary to prove that the seller intended to deceive, or that he knew that the article sold was not butter. The seller subjects himself to the penalty imposed by the statute by making the representation, not knowing it to be true.

The second section of the act provides that the sale by any person of such oleomargarine, butterine, suine or other substance not butter, representing the same to be butter, shall be deemed presumptive evidence of the guilt of such person.

*Held*, that the presumption created by this section was not met by showing the absence of knowledge and intent to deceive, but only by controverting the testimony on the part of the prosecution tending to show the sale or the false representation.

The evidence produced upon the trial of this action showed that the defendant sold at his grocery store, in Buffalo, an article which he represented to be butter, and which, on being analyzed, was found to contain about seventy-five per cent of butter, and twenty-five per cent, or thereabouts, of foreign fat, or fatty substances, other than butter. The foreign matter was not shown to be oleomargarine, suine or butterine.

*Held*, that the evidence showed the defendant to have been guilty of a violation of the act, which prohibited the sale of not only the various kinds of manufac-

tured butters specified in the act, but of any substance not butter, and, therefore, of any butter adulterated with foreign substances, without regard to the degree of the adulteration.

APPEAL from a judgment of the Court of Sessions of Erie county, entered upon a verdict convicting the defendant of the offense of selling a substance not butter, representing the same to be butter, contrary to the provisions of chapter 246 of the Laws of 1882 ; also, from an order denying defendant's motion in arrest of judgment, and an order denying his motion for a new trial.

*Tracy C. Becker*, for the appellant.

*George T. Quinby*, assistant district attorney, for the respondent.

SMITH, P. J. :

The first section of the statute under which the defendant was indicted, provides that any person who shall sell, either at wholesale or retail, any oleomargarine, butterine, suine or other substance not butter, and represent the same to be butter, shall be deemed to be guilty of a misdemeanor, and upon conviction shall be subject to the penalties therein prescribed. The second section provides that the sale by any person of such oleomargarine, butterine, suine or other substance not butter, representing the same to be butter, shall be deemed presumptive evidence of the guilt of such person.

The evidence shows that the defendant sold at his grocery store, in Buffalo, an article which he represented to be butter, and which on being analyzed was found, according to the testimony of the witness who analyzed it, to contain about seventy-five per cent of butter and twenty-five per cent, or thereabouts, of foreign fat or fatty substances other than butter. The article sold was not shown to be oleomargarine, suine or butterine. There was no evidence that the defendant knew that the article sold contained any substance which was not butter.

Two questions are presented on this appeal. The first is, whether the conviction can be maintained in the absence of proof that the defendant knowingly and intentionally misrepresented the article sold to be butter. The offense is described in the first section of the act, and as there described it consists in the sale of an article

that is not butter, the seller representing it to be butter.   To meet the requirements of that section it is enough to prove the sale and the false representation.   Whether or not the seller knows his representations to be false, or intends to deceive, is immaterial.   He subjects himself to the penalties of the statute by making the representation, not knowing it to be true.   The like construction was put upon a similar statute in Massachusetts.   (*Commonwealth* v. *Farren*, 9 Allen, 489.)   And the decision was subsequently approved. (*Com.* v. *Nichols*, 10 Allen, 199 ; *Com.* v. *Waite*, 11 id., 264 ; see, also, *People* v. *Nobles*, 1 N. Y. Cr. Rep., 459 ; *Regina* v. *Woodrow*, 15 Mees. & Wels., 403 ; *Com.* v. *Boynton*, 2 Allen, 160 ; *Barnes* v. *State*, 19 Conn., 398.)

But it is contended, by the defendant's counsel, that the second section of the act makes the proof of sale and false representation only presumptive evidence of guilt; that such presumption may be repelled, and in fact was repelled, by proof that the defendant did not know that the butter sold by him was adulterated.   We are not prepared to assent to that position.   The object of the second section, as we read it, is to dispense with the necessity of proving guilty knowledge or intent.   This it does by providing that proof of sale and false representation shall be presumptive evidence of guilt.   The presumption is not to be met by showing the absence of knowledge and intent to deceive, which, as we have seen in considering the first section, is wholly immaterial, but it may be met by controverting the testimony on the part of the prosecution tending to show the sale or the false representation.

The other question is, whether the case is within the statute, the sale being, not of spurious butter, such as oleomargarine, butterine or suine, but of genuine butter, the product of the dairy, which had been adulterated by the addition of some foreign substance. The question is answered by the plain language of the act.   It condemns the sale, not only of the various kinds of manufactured spurious butter above mentioned, but also of any other substance not butter, the seller representing it to be butter.   Here twenty-five per cent, or thereabouts, of the article sold being of a substance which was not butter, the case is as clearly within the statute as if the adulteration had been to the extent of seventy-five per cent.

The difference is only in degree. If adulterations of that sort were permitted the purpose of the act would be defeated. That the legislature had the constitutional power to pass the act referred to is not questioned by the appellant's counsel. With its policy we have nothing to do.

We think the judgment and order should be affirmed.

HAIGHT and BRADLEY, JJ., concur; BARKER, J., not sitting.

Judgment and orders affirmed, and proceedings remitted to the Court of Sessions of Erie county to proceed thereon.